RECEIVED

IN THE UNITED STATES DISTRICT COURT    JUL 14 2020
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:20CR/00-MHT-SRW |
| | ) | [21 U.S.C. § 841(a)(1); |
| TAWASAKI LEONARDA WILLIAMS | ) | 18 U.S.C. § 924(c)(1)(A); |
| | ) | 18 U.S.C. § 922(g)(1)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

COUNT 1
(Violation of the Controlled Substances Act)

On or about February 1, 2020, in Montgomery County, within the Middle District of Alabama, the defendant,

TAWASAKI LEONARDA WILLIAMS,

did knowingly and intentionally possess with intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 2
(Violation of the Controlled Substances Act)

On or about February 1, 2020, in Montgomery County, within the Middle District of Alabama, the defendant,

TAWASAKI LEONARDA WILLIAMS,

did knowingly and intentionally possess with intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3
(Violation of the Controlled Substances Act)

On or about February 1, 2020, in Montgomery County, within the Middle District of Alabama, the defendant,

TAWASAKI LEONARDA WILLIAMS,

did knowingly and intentionally possess with intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of clonazepam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4
(Possession of a Firearm in Furtherance of a Controlled Substance Crime)

On or about February 1, 2020, in Montgomery County, within the Middle District of Alabama, the defendant,

TAWASAKI LEONARDA WILLIAMS,

did knowingly use and carry a firearm during and in relation to, and possessed a firearm in furtherance of, a controlled substance crime for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute a controlled substance, as set out in and incorporated herein by reference from Counts 1 through 4 of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 5
(Possession of a Firearm by a Convicted Felon)

On or about February 1, 2020, in Montgomery County, within the Middle District of Alabama, the defendant,

TAWASAKI LEONARDA WILLIAMS,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit: a Springfield XDS .45 caliber semiautomatic handgun, and live ammunition, and the firearm and ammunition were

in and affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION–1

A. The allegations contained in Counts 1 through 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

B. Upon conviction of the offenses in violation of Title 21, United States Code, Section 841(a)(1) set forth in Counts 1 through 4 of this Indictment, the defendant,

TAWASAKI LEONARDA WILLIAMS,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds defendant obtained directly or indirectly as a result of the said offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 21, United States Code, Section 841(a)(1). The property includes, but is not limited to, a Springfield XDS .45 caliber semiautomatic handgun, live ammunition, and approximately $2,400.00 in United States currency.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

## FORFEITURE ALLEGATION-2

A. The allegations contained in Counts 4 and 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

B. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 922(g)(1) set forth in Counts 5 and 6 of this Indictment, the defendant,

TAWASAKI LEONARDA WILLIAMS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 922(g)(1). The property includes, but is not limited to, a Springfield XDS .45 caliber semiautomatic handgun and live ammunition.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Brandon W. Bates
Assistant United States Attorney

_____
R. Randolph Neeley
Assistant United States Attorney

5