IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:20cr100-MHT
                            )          (WO)
TAWASAKI LEONORDA WILLIAMS  )
```

OPINION AND ORDER

Defendant Tawasaki Leonorda Williams was charged with three counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm in furtherance of a controlled substance crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The question before the court is whether Williams has the mental capacity to stand trial, that is, whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to understand the nature and consequences of the proceedings against him or to

assist properly in his defense. *See* 18 U.S.C. § 4241(a). Based on the evidence presented during the hearing on December 2, 2020, the court finds that he has the mental capacity to stand trial.

The question of Williams's competence to stand trial was first raised by his counsel, who noted that Williams has a previously diagnosed learning disability and may have other intellectual disabilities. Defense counsel requested an examination to determine whether Williams was competent. The magistrate judge granted this request and ordered a psychological evaluation. The evaluation was performed by Dr. David C. Ghostley, a clinical psychologist and certified forensic examiner. *See* 18 U.S.C. §§ 4241(b) & 4247(b). On November 24, 2020, defense counsel submitted Dr. Gostley's report to the court.

Dr. Ghostley concluded that "there is no evidence to suggest that Tawasaki lacks sufficient present ability to assist his defense counsel with a reasonable

2

degree of rational understanding of the facts in the legal proceedings against him." Psychiatric Report of Dr. David Ghostley (doc. no. 52) at 6. In support of this conclusion, Dr. Ghostley reported that Williams was able to identify the nature of the charges against him and understand the possible outcomes of the pending prosecution. He had positive feelings about working with his attorney, demonstrated no difficulty in planning legal strategies, and understood the basic mechanics of a plea bargain. Williams was also able to describe the roles of key courtroom personnel and recognize the adversarial nature of court proceedings.

Further, while Williams's intelligence test scores in some categories were concerningly low, his overall score was at the high end of the mild range of intellectual disability. In short, the examination revealed nothing that would lead the court reasonably to question Williams's competency to stand trial.

3

Neither the defense nor the government objects to the conclusion that Williams is competent to proceed.

Therefore, based upon the psychological evaluation by Dr. Ghostley and pursuant to 18 U.S.C. § 4241(a), the court concludes that Williams is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**\*\*\***

Accordingly, it is ORDERED that defendant Tawasaki Leonorda Williams is declared mentally competent to stand trial in this case.

DONE, this the 4th day of December, 2020.

　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**4**